## IN THE SUPERIOR COURT OF GUAM

In the Matter of

GUAM MEMORIAL HOSPITAL
AUTHORITY,

                      Petitioner,

      v.

CIVIL SERVICE COMMISSION,

                    Respondent,

      v.

EVANGELINE P. CHACO,

           Real Party In Interest.

SPECIAL PROCEEDINGS CASE NO.
SP0051-12

**DECISION AND ORDER**

This order is issued after hearing held on July 18, 2012, on Real Party in Interest Evangeline Chaco's "Motion for Reconsideration" made pursuant to GRCP Rule 59, requesting reconsideration of the Court's Order, issued on May 11, 2012. The hearing was scheduled at the request of the Real Party in Interest. Although Sophia S. Diaz, Esq., appeared on behalf of Respondent Civil Service Commission, and Minakshi V. Hemlani, Esq., appeared on behalf of the Petitioner Guam Memorial Hospital Authority, no one appeared on behalf of the Real Party in Interest. The Court now issues the following decision on the matter.

In its Order of May 11, 2012, the Court specifically found that the Guam Rules of Civil Procedure, including rules on motion practice, discovery, and pleadings, are not applicable to

special proceedings matters, which are intended to be expedited, and thus, avoid time intensive procedures such as motion practice. Yet, counsel for Real Party in Interest Chaco insisted upon the application of these rules, filed yet another motion under the Guam Rules of Procedure, and demanded hearing on the motion.

Even if the Court ignores their inapplicability to special proceedings and applies the Guam Rules of Civil Procedure to the instant matter, GRCP Rule 59(e) provides in relevant part: "Motion to Alter or Amend *Judgment*. A motion to alter or amend *judgment* shall be served not later than 10 days after entry of the *judgment*." GRCP Rule 59(e)(2012)(emphases added). Rule 59(e) is applicable only to final judgments. The Court has issued no final judgment in this case, nor any document which could be construed as a final judgment. The Court has issued only an "Order" regarding the interlocutory issue of the applicability of the Guam Rules of Civil Procedure. Rule 59(e) does not apply to orders.

A separate document entitled a "judgment" is required in order for Rule 59(e) to become applicable. Real Party in Interest Chaco ignores the mandate of GRCP Rule 58, setting forth the "separate document rule." This rule requires the entrance of a separate document setting forth judgment after the issuance of any order disposing of an issue on the merits, excepting orders issued under Rules 50(b), 52(b), 54, 59, and 60. GRCP Rule 58(a)(1)(2012). Strict adherence to the mandates of Rule 58 is required for finality. Gill v. Siegel, 2000 Guam 10 ¶ 6 (citing Merchant v. Nanyo Realty, 1997 Guam 16, ¶15).

No separate judgment has yet been entered and Real Party in Interest Chaco cites no authority to show compliance with Rule 58, or to show that this Court's Order of May 11, 2012, could be conceived as a judgment or final interlocutory order meeting the criteria required to show finality. *See* Merchant v. Nanyo Realty, 1997 Guam 16 ¶¶ 3, 16 (finding that Decision and Order dismissing a case did not constitute a final judgment); *see also* Long v. Coast Resorts, Inc., 267 F.3d 918, 922 (9th Cir. 2001)(finding that "order and judgment" containing legal facts and analysis did not constitute final judgment under Rule 58, because it did not constitute a separate document of judgment).

The Real Party in Interest's citation to Rule 59 is misconceived, as Rule 59(e) is applicable only to final judgments. If the Guam Rules of Civil Procedure were applicable to this action, Rule 60(b) could conceivably be used to grant relief from the order of the Court; however, there are important distinctions between the two types of motions brought under Rule 59(e) and Rule 60(b). Significantly, the two motions are judged by differing standards and produce different results. Van Skiver v. U.S., 952 F.2d 1241, 1243 (10th Cir.1991); *also compare* Ward v. Reyes, 1998 Guam 1, *with* Merchant v. Nanyo Realty, Inc., 1998 Guam 26.

Rule 60(b) of the Guam Rules of Civil Procedure states in relevant part:

> Relief from Judgments *or Order. . . .*(b) Mistakes; Inadvertence, Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, *the court may relieve a party or a party's legal representative from* a final judgment, *order, or proceeding* for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, *order, or proceeding* was entered or taken.

GRCP Rule 60(b)(2012)(emphases added).

Because only Rule 60(b) may be used to provide relief from an order, the Real Party in Interest could have attempted to use that rule as an applicable standard for the current "Motion for Reconsideration." However, because the Real Party in Interest cites only to Rule 59 of the Guam Rules of Civil Procedure, the Real Party in Interest has failed to cite to Rule 60(b) and has failed to indicate which of the six separate subsections of Rule 60(b) should be applied to this case.

If they were applicable, as Real Party in Interest fervently contends, the Guam Rules of Civil Procedure specifically require that:

(1) An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, *shall state with particularity the grounds therefor*, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.

GRCP Rule 7(b)(1)(2012)(emphasis added).

In this case, the Real Party in Interest cites only to GRCP Rule 59. No citation is made to the separate standard of Rule 60(b), and there is nothing to indicate which subsection of Rule 60(b) should be applied to this case. The Real Party in Interest fails to particularly assert any grounds under Rule 60(b) as the basis of this motion.

A court may deny a motion for party's failure to assert the proper grounds for its request with particularity under GRCP Rule 7(b). In re Estate of Concepcion, 2003 Guam 12 ¶¶ 27–28. As pointedly stated in an opinion concerning Rule 59 from the Supreme Court of Guam:

> In order to conduct a meaningful review, the parties must articulate their arguments in a way that allows this court to apply recognized rules of law: 'It is not sufficient for a party simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position.'

Lamb v. Hoffman, 2008 Guam 2 ¶¶ 34-36 (quoting Wilson v. Taylor, 577 N.W.2d 100, 105 (Mich.1998)(internal citation omitted).

As in the Lamb case, the Real Party in Interest merely asserts the position that the Court has erred, and cites to Rule 59, but fails to cite to the standard of Rule 60(b) regarding "orders" and indicate a specific subsection of the rule to be applied.

Although the Supreme Court of Guam once indicated in *dicta* that it might be possible to decide an untimely motion for reconsideration under Rule 59(e) pursuant to Rule 60(b), the court ultimately concluded that the motion at issue in that case was not a properly brought under either Rule 59(e) or Rule 60(b), as no judgment had ever been entered and the motion was procedurally deficient under both rules. Merchant v. Nanyo Realty, Inc., 1998 Guam 26 ¶¶ 8-

9, 11.   Following the rationale set forth in that case, it is plausible that a Rule 59(e) motion, filed after the entry of a judgment, and outside the ten days allowed under the rule, but within the time period allowed pursuant to Rule 60(b), may be converted into a motion for relief under Rule 60(b), as Rule 60(b) may also be used to address judgments.   However, that is not the case before this Court.   In both the Merchant case and this case, no judgment was ever issued.   In accordance with the holding of Merchant, Rule 59 cannot be applied, and the motion cannot be converted into a motion pursuant to Rule 60(b), as no judgment has been entered. Accordingly, this Court will not attempt to discover, rationalize, or convert this inapplicable Rule 59 motion into a Rule 60(b) motion.

As no separate judgment has yet been entered, Rule 59 provides no grounds for the present motion, and the Court refuses to equate an improperly filed and inapplicable Rule 59(e) motion with a Rule 60(b) motion.  Moreover, the Court refuses to allow more margin of error by attempting through guesswork to convert the reason listed by the Real Party in Interest under Rule 59(e) into one of the applicable subsections of Rule 60(b).  The Court finds that even if the Guam Rules of Civil Procedure applied to this special proceeding, the Court will only entertain a "motion for reconsideration" of a decision and order if it is brought under the proper rule of civil procedure with proper citation to authority.   GRCP Rule 7(b)(2)(2012); CVR Rule 7.1(i)(2012); Merchant v. Nanyo Realty, Inc., 1998 Guam 26 ¶¶ 8–9, 11; and Lamb v. Hoffman, 2008 Guam 2 ¶¶ 34-36.   Therefore, the Court DENIES the Real Party in Interest's "Motion for Reconsideration."

**SO ORDERED** this ___JUL 2 4 2012_____ .

_____
**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**